The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| INSIDETX, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SCOUT MEDIA, INC., et al.,<br><br>Defendants. | NO. C07-0737 RSM<br><br>**ORDER GRANTING MOTION OF CLASS REPRESENTATIVES FOR FINAL APPROVAL OF CLASS SETTLEMENT AND ATTORNEYS FEES** |

On November 24, 2008, Plaintiffs InsideTx, Inc.; Major Upset Productions, Inc.; OUInsider.com; Trojan Sports Publishing, LLC (collectively, "CLASS REPRESENTATIVES") filed a SETTLEMENT AGREEMENT in this Court. The capitalized terms in this Order have the meanings set forth in that SETTLEMENT AGREEMENT.

That SETTLEMENT AGREEMENT contains the following material terms:

(a) The following Class will be certified for Settlement purposes:

"All persons or entities that are or were parties to
NETWORK AGREEMENTS and all persons or entities
that are or were parties to MAGAZINE AGREEMENTS,

ORDER GRANTING MOTION OF CLASS
REPRESENTATIVES FOR FINAL APPROVAL OF CLASS
SETTLEMENT AND ATTORNEYS FEES - 1
Case No. C07-0737 RSM

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

and excluding DEFENDANTS' RELEASING PARTIES."
SETTLEMENT AGREEMENT, § I.YY.

(b) The SETTLEMENT AGREEMENT provides for a SETTLEMENT FUND of $5,274,170. SETTLEMENT AGREEMENT, § I.AAA.

(c) SETTLEMENT AGREEMENT § I.B. provides that it would settle the above-captioned action and the following litigation between the CLASS REPRESENTATIVES and Scout:

(i) **Bucknuts, LLC. v. SCOUT.COM, LLC, et al. (Case No. 11 143 01020 07, American Arbitration Association):** On May 11, 2007, the CLASS REPRESENTATIVES and Bucknuts, LLC filed a Class Action Arbitration Demand with the American Arbitration Association ("AAA") against SCOUT.COM and SCOUT PUBLISHING. The claims asserted in that Arbitration Demand are similar to the claims asserted in the FEDERAL PUTATIVE CLASS ACTION.

(ii) **SCOUT.COM, LLC v. Bucknuts, LLC, et al., Case No. 07-1444 (United States District Court for the Western District of Washington):** On September 17, 2007, Scout filed a Motion to Compel Individual Arbitrations. This Court granted the Motion to Dismiss of CLASS REPRESENTATIVES and Bucknuts, LLC on November 16, 2007, and Scout has filed an appeal, which remains pending.

(d) The CLASS REPRESENTATIVES would be paid their expenses associated with the ACTIONS, and CLASS COUNSEL would be paid its expenses associated with the ACTIONS. SETTLEMENT AGREEMENT, § VI.A.1.-2.

(e) CLASS COUNSEL would be paid 33% of the Settlement Fund after deduction of expenses. SETTLEMENT AGREEMENT, § VI.A.3.

(f) CLASS REPRESENTATIVES would be paid incentive payments of $50,000 to compensate them for the risks incurred and time spent in acting as CLASS REPRESENTATIVES. SETTLEMENT AGREEMENT, § VI.A.4.

(g) The remainder of the SETTLEMENT FUND after expenses, attorneys' fees and incentive payments would be distributed to the CLASS MEMBERS. SETTLEMENT AGREEMENT, § VI.A.5.

(h) The CLASS MEMBERS would release all claims they have against the DEFENDANTS' RELEASED PARTIES. SETTLEMENT AGREEMENT, § IV.A.

ORDER GRANTING MOTION OF CLASS
REPRESENTATIVES FOR FINAL APPROVAL OF CLASS
SETTLEMENT AND ATTORNEYS FEES - 2
Case No. C07-0737 RSM

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

(i) Individual CLASS NOTICE would be mailed and emailed to each SETTLEMENT CLASS MEMBER. SETTLEMENT AGREEMENT, § III.E.1.

(j) SETTLEMENT CLASS MEMBERS would have the opportunity to opt out of the SETTLEMENT, or to file objections to the SETTLEMENT. SETTLEMENT AGREEMENT, § III.F.

On January 12, 2009, this Court issued an Order preliminarily approving the SETTLEMENT AGREEMENT (Dkt. 48) ("Preliminary Approval Order"). In that Preliminary Approval Order, this Court: (1) granted CLASS REPRESENTATIVES conditional approval to file a SECOND AMENDED COMPLAINT to add SCOUT.COM and SCOUT PUBLISHING as Defendants, and to add additional claims; (2) granted preliminary approval of the SETTLEMENT AGREEMENT; (3) conditionally certified a SETTLEMENT CLASS; (4) appointed D. Jeffrey Ireland and Jeffrey S. Sharkey of Faruki Ireland & Cox P.L.L. as CLASS COUNSEL; (5) approved the proposed CLASS NOTICE and Notice Plan; (6) approved CAC Services Group, LLC ("CAC") as the THIRD PARTY ADMINISTRATOR for the CLASS SETTLEMENT; (7) required SCOUT.COM and SCOUT PUBLISHING to provide records to CLASS COUNSEL to permit CLASS COUNSEL to identify SETTLEMENT CLASS MEMBERS; (8) enjoined SETTLEMENT CLASS MEMBERS from filing or pursuing litigation against Scout; (9) set a date for CLASS COUNSEL to file a motion for attorneys' fees; and (10) scheduled a final fairness hearing.

Pursuant to the Preliminary Approval Order, on February 9, 2009, CAC sent the CLASS NOTICE to the SETTLEMENT CLASS MEMBERS via U.S. mail and email at each SETTLEMENT CLASS MEMBER'S last known address. In addition, CLASS NOTICE was published in the February 11, 2009 edition of The Wall Street Journal.

ORDER GRANTING MOTION OF CLASS REPRESENTATIVES FOR FINAL APPROVAL OF CLASS SETTLEMENT AND ATTORNEYS FEES - 3
Case No. C07-0737 RSM

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Pursuant to the Preliminary Approval Order, SETTLEMENT CLASS MEMBERS had until April 12, 2009 to file objections to the SETTLEMENT AGREEMENT. As of that date, no SETTLEMENT CLASS MEMBER filed objections with this Court to the SETTLEMENT AGREEMENT.

Pursuant to the Preliminary Approval Order, SETTLEMENT CLASS MEMBERS had until April 27, 2009 to opt out of the SETTLEMENT. As of that date, four SETTLEMENT CLASS MEMBERS sent opt-out notices to CAC: (1) Jerry Cornwell/Ag Tech, Inc.; (2) Joseph Tybor/Global Electronic Telecommunications, Inc.; (3) Alan Tieuli; and (4) Anthony Pauline/TFY Draft Preview. Pursuant to Settlement Agreement, § III.F.1., Parties that sent an opt out notice had until July 7, 2009 to revoke that opt out notice. On July 7, 2009, Joseph Tybor/Global Electronic Telecommunications, Inc. and Alan Tieuli revoked their opt out notices.

On June 12, 2009, CLASS REPRESENTATIVES filed a Motion for Final Approval of the SETTLEMENT AGREEMENT. On June 12, 2009, CLASS COUNSEL also filed a Motion for Attorneys' Fees.

The Court having considered all pleadings and proceedings, ORDERS, ADJUDGES AND DECREES:

1. The Court finds that the requirements of Fed. R. Civ. P. 23(a) have been satisfied:

    (a) The Court finds that there are approximately 335 CLASS MEMBERS, and that the numerosity criterion of Rule 23(a)(1) is satisfied.

    (b) The Court finds that the following questions of law and fact are common to the CLASS MEMBERS:

ORDER GRANTING MOTION OF CLASS
REPRESENTATIVES FOR FINAL APPROVAL OF CLASS
SETTLEMENT AND ATTORNEYS FEES - 4
Case No. C07-0737 RSM

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

        (i)     whether Scout breached the CLASS MEMBERS' NETWORK AGREEMENTS, committed fraud, or committed unfair or deceptive trade practices based on the alleged promise to provide Internet Publishers a 10% interest in SCOUT MEDIA;

        (ii)    whether Scout implemented a method for allocating subscription revenue that breached the CLASS MEMBERS' NETWORK AGREEMENTS, or constituted an unfair or deceptive trade practice;

        (iii)   whether Scout implemented a method for allocating advertising revenue that breached the CLASS MEMBERS' NETWORK AGREEMENTS, or constituted an unfair or deceptive trade practice;

        (iv)   whether Scout implemented a method for allocating advertising revenue that breached the CLASS MEMBERS' MAGAZINE AGREEMENTS, or constituted an unfair or deceptive trade practice.

The Court finds that those common issues of law and fact satisfy the Rule 23(a)(2) commonality criterion.

    (c)    The Court finds that the CLASS MEMBERS and the CLASS REPRESENTATIVES were each parties to a Network Affiliate Agreement ("NETWORK AGREEMENT") and/or a Magazine Content License, Publishing and Marketing Agreement ("MAGAZINE AGREEMENT") with SCOUT.COM and/or SCOUT PUBLISHING, and that the typicality criterion of Rule 23(a)(3) is satisfied.

    (d)    The Court finds that the CLASS REPRESENTATIVES constitute current or former members of the Scout Internet and Magazine Networks, and that the CLASS REPRESENTATIVES have and will adequately protect the interests of the CLASS MEMBERS, and that the adequacy criterion of Rule 23(a)(4) is satisfied.

2.    The Court finds that the requirements of Rule 23(b)(3) have been satisfied:

    (a)    The Court finds that common questions of law and fact regarding the interpretation of the NETWORK AGREEMENTS and MAGAZINE AGREEMENTS, and whether Scout breached those Agreements, predominate over individualized questions.

    (b)    The Court finds that the CLASS MEMBERS' individual claims are small, and that the CLASS MEMBERS do not have incentive to litigate the CLASS CLAIMS on an individual basis. The Court thus finds that a class action is a superior method to adjudicate the claims.

ORDER GRANTING MOTION OF CLASS REPRESENTATIVES FOR FINAL APPROVAL OF CLASS SETTLEMENT AND ATTORNEYS FEES - 5
Case No. C07-0737 RSM

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

3. The following Class is certified pursuant to Fed. R. Civ. P. 23(b)(3) and Fed. R. Civ. P. 23(c)(1)(B), for purposes of settlement:

> "All persons or entities that are or were parties to NETWORK AGREEMENTS and all persons or entities that are or were parties to MAGAZINE AGREEMENTS, and excluding DEFENDANTS' RELEASING PARTIES."

4. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the class claims and issues are those asserted in the SECOND AMENDED COMPLAINT.

5. The CLASS NOTICE, as approved by this Court in its Preliminary Approval Order, provided individualized notice to the CLASS MEMBERS at their last-known mail and email addresses. In addition, CLASS NOTICE was published in The Wall Street Journal. The CLASS NOTICE constitutes the best practicable notice and was reasonably calculated under the circumstances to apprise CLASS MEMBERS of the pendency of the ACTIONS and the SETTLEMENT, the nature of the action, the definition of the class certified, the class claims, issues, and defenses, that a CLASS MEMBER may enter an appearance through counsel, that a CLASS MEMBER may opt out of the Class and the procedure for doing so, the terms of the SETTLEMENT AGREEMENT, the right to object to the SETTLEMENT AGREEMENT, the claims procedure, the right to appear at the final approval hearing, and the binding effect of a dismissal and final judgment on the CLASS MEMBERS. The Court finds that the CLASS NOTICE is adequate and sufficient, meets the requirements of due process, and satisfies the criteria set forth in Fed. R. Civ. P. 23(c)(2)(B) and Fed. R. Civ. P. 23(e)(1).

6. Pursuant to Fed. R. Civ. P. 23(c)(3), the CLASS MEMBERS are: "All persons or entities that are or were parties to NETWORK AGREEMENTS and all persons or entities that

ORDER GRANTING MOTION OF CLASS
REPRESENTATIVES FOR FINAL APPROVAL OF CLASS
SETTLEMENT AND ATTORNEYS FEES - 6
Case No. C07-0737 RSM

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

are or were parties to MAGAZINE AGREEMENTS, and excluding DEFENDANTS' RELEASING PARTIES."

7.   Pursuant to Fed. R. Civ. P. 23(e)(2), a final approval hearing was held on July 14, 2009. Based upon the evidence submitted at that hearing, the Court finds that the SETTLEMENT AGREEMENT is fair, reasonable and adequate. The SETTLEMENT FUND of $5,274,170 recovers nearly 50% of the CLASS REPRESENTATIVES' estimate of the value of the CLASS CLAIMS (excluding statutory damages and interest), which amount is reasonable in light of the difficulty CLASS REPRESENTATIVES would have in proving their claims and the defenses that Scout has asserted or could assert. The Court further finds that it is reasonable to allocate the SETTLEMENT FUND to CLASS MEMBERS based upon revenue earned by each CLASS MEMBER, since CLASS MEMBERS would have been injured in proportion to the amount of revenue that each earned. There is no evidence of fraud, collusion or overreaching by the PARTIES or that the rights of absent CLASS MEMBERS were disregarded. The SETTLEMENT AGREEMENT is fair, reasonable and adequate and is in the best interests of the CLASS MEMBERS.

8.   The Court finds that the CLASS REPRESENTATIVES have incurred the following expenses in this litigation and related litigation, and directs that the CLASS REPRESENTATIVES be paid the following expenses from the SETTLEMENT FUND:

| | |
|---|---|
| InsideTx | $715.49 |
| Major Upset | $0. |
| OUInsider | $11,741.45 |
| Trojan Sports | $57,143.31 |

ORDER GRANTING MOTION OF CLASS
REPRESENTATIVES FOR FINAL APPROVAL OF CLASS
SETTLEMENT AND ATTORNEYS FEES - 7
Case No. C07-0737 RSM

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

| | |
|---|---|
| TOTAL | **$69,600.25** |

9. The Court finds that the CLASS REPRESENTATIVES incurred significant risks by initiating this action and the AAA Class Action Arbitration against Scout on behalf of the Class, and that the CLASS REPRESENTATIVES have expended significant efforts on behalf of the Class. The Court thus approves a CLASS REPRESENTATIVE Incentive Payment of $50,000 to each CLASS REPRESENTATIVE from the SETTLEMENT FUND.

10. Pursuant to Fed. R. Civ. P. 23(e)(3), the CLASS REPRESENTATIVES have filed all agreements made in connection with the SETTLEMENT AGREEMENT.

11. Pursuant to Fed. R. Civ. P. 23(g), D. Jeffrey Ireland and Jeffrey S. Sharkey were appointed as CLASS COUNSEL in the Preliminary Approval Order.

12. Pursuant to Fed. R. Civ. P. 23(h), the Court finds that the request for attorneys' fees, costs and expenses by CLASS COUNSEL is reasonable. The Court approves an attorneys' fee award of $1,705,381.79 and reimbursement of costs and expenses of $63,691.51 to CLASS COUNSEL, to be paid from the SETTLEMENT FUND.

13. SCOUT MEDIA is ordered to pay any remaining balance of the SETTLEMENT FUND into the ESCROW ACCOUNT within fifteen (15) business days of the EFFECTIVE DATE. The escrow agent is ordered to issue checks to CLASS REPRESENTATIVES and CLASS COUNSEL identified on Exhibit 7 in Dkt. # 71, at the addresses and in the amounts identified on Exhibit 7, within thirty (30) days of the EFFECTIVE DATE. The escrow agent is ordered to issue checks to CLASS MEMBERS identified on Exhibit 1 to this Order, at the

ORDER GRANTING MOTION OF CLASS
REPRESENTATIVES FOR FINAL APPROVAL OF CLASS
SETTLEMENT AND ATTORNEYS FEES - 8
Case No. C07-0737 RSM

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

addresses and in the amounts identified on Exhibit 1, within sixty (60) days of the EFFECTIVE DATE. Exhibit 1 shall be filed and maintained under seal.

14. SETTLEMENT AGREEMENT, § IV contains the following releases, which this Court incorporates into this Order:

(a) PLAINTIFFS' RELEASING PARTIES release DEFENDANTS' RELEASED PARTIES from any and all claims, debts, demands, rights, causes of action, damages, costs, expenses, and compensation of any nature whatsoever, whether based on tort, contract, or any other theory of recovery, whether for compensatory or punitive damages, whether direct or indirect, and whether known or unknown, (i) that PLAINTIFFS' RELEASING PARTIES now own or hold, or have at any time owned or held, or may hold in the future, against any or all of the DEFENDANTS' RELEASED PARTIES, or for which any or all of the DEFENDANTS' RELEASED PARTIES could be held to an indemnification obligation, and (ii) that are or may be based upon, arising out of, or related to any facts, acts, omissions, conduct, representations, contracts, agreements, events, causes, or matters of any kind that existed on or before the EFFECTIVE DATE, including but not limited to all claims and counterclaims that have been raised or could have been raised, or are or may be based upon, arising out of, or related in any way to any of the facts, allegations, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances, or other matters referenced in any claim or counterclaim raised, in the ACTIONS.

Notwithstanding the prior paragraph, SCOUT.COM and SCOUT PUBLISHING will continue to make payments to SETTLEMENT CLASS MEMBERS that are due under any NETWORK AGREEMENTS and/or MAGAZINE AGREEMENTS as any such payments

ORDER GRANTING MOTION OF CLASS
REPRESENTATIVES FOR FINAL APPROVAL OF CLASS
SETTLEMENT AND ATTORNEYS FEES - 9
Case No. C07-0737 RSM

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

become due using the methods for calculating revenues and payments utilized by SCOUT.COM and SCOUT PUBLISHING.

PLAINTIFFS' RELEASING PARTIES acknowledge and consent to DEFENDANTS' RELEASED PARTIES' use, including on the EFFECTIVE DATE and thereafter, of the following methods for calculating revenues (the "REVENUE CALCULATION METHODS") to be paid to any of PLAINTIFFS' RELEASING PARTIES under any agreement with SCOUT.COM or SCOUT PUBLISHING (each a "PUBLISHER AGREEMENT"):

- For purposes of calculating the portion of any revenues to be paid to any of PLAINTIFFS' RELEASING PARTIES for website or magazine subscriptions, two thirds of any payment generated by any subscription that is a TAP Plus subscription, or is a similar subscription that bundles both a website subscription and a magazine subscription into one subscription, shall be considered revenue generated by a website subscription, and one third of any such payment shall be considered revenue generated by a magazine subscription.

- To the extent that a PUBLISHER AGREEMENT contains a subscription revenue sharing provision providing for payment to any of PLAINTIFFS' RELEASING PARTIES of a specified percentage of revenues for a specified number of first subscribers, and a larger percentage or percentages of revenues for subsequent subscribers, the subscription revenue sharing provision shall be applied on a monthly basis, such that, for each month, the smallest specified revenue percentage shall apply to

ORDER GRANTING MOTION OF CLASS
REPRESENTATIVES FOR FINAL APPROVAL OF CLASS
SETTLEMENT AND ATTORNEYS FEES - 10
Case No. C07-0737 RSM

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

the specified number of first active paid subscriptions that month, and the larger revenue percentage or percentages shall apply only to the subsequent active paid subscriptions that month.

PLAINTIFFS' RELEASING PARTIES release DEFENDANTS' RELEASED PARTIES from any and all claims, debts, demands, rights, causes of action, damages, costs, expenses, and compensation of any nature whatsoever, whether based on tort, contract, or any other theory of recovery, whether for compensatory or punitive damages, whether direct or indirect, and whether known or unknown, that PLAINTIFFS' RELEASING PARTIES now own or hold, or have at any time owned or held, or may hold in the future, arising out of DEFENDANTS' RELEASED PARTIES' use of the REVENUE CALCULATION METHODS, including on the EFFECTIVE DATE and thereafter.

Unless otherwise agreed to by SCOUT.COM, SCOUT PUBLISHING, or SCOUT MEDIA, on the one hand, and a CLASS MEMBER, on the other hand — PLAINTIFFS' RELEASING PARTIES amend each PUBLISHER AGREEMENT to include, adopt, and authorize the REVENUE CALCULATION METHODS.

(b) DEFENDANTS' RELEASING PARTIES release PLAINTIFFS' RELEASED PARTIES from any and all claims, debts, demands, rights, causes of action, damages, costs, expenses, and compensation of any nature whatsoever, whether based on tort, contract, or any other theory of recovery, whether for compensatory or punitive damages, whether direct or indirect, and whether known or unknown, (i) that DEFENDANTS' RELEASING PARTIES now own or hold, or have at any time owned or held, or may hold in the future, against any or all of the PLAINTIFFS' RELEASED PARTIES, or for which any or all of

ORDER GRANTING MOTION OF CLASS REPRESENTATIVES FOR FINAL APPROVAL OF CLASS SETTLEMENT AND ATTORNEYS FEES - 11
Case No. C07-0737 RSM

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

the PLAINTIFFS' RELEASED PARTIES could be held to an indemnification obligation, and (ii) that are or may be based upon, arising out of, or related to any facts, acts, omissions, conduct, representations, breaches of contracts, breaches of agreements, events, causes, or matters of any kind that existed on or before the EFFECTIVE DATE, including but not limited to all claims and counterclaims that have been raised or could have been raised, or are or may be based upon, arising out of, or related in any way to any of the facts, allegations, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances, or other matters referenced in any claim or counterclaim raised, in the ACTIONS.

Notwithstanding the prior paragraph, all NETWORK AGREEMENTS and MAGAZINE AGREEMENTS remain in full force and effect except as amended, modified and/or terminated in this SETTLEMENT AGREEMENT, and DEFENDANTS' RELEASED CLAIMS do not include any claims for breach of any NETWORK AGREEMENTS or MAGAZINE AGREEMENTS that exists or occurs after the EFFECTIVE DATE.

15. DEFENDANTS' RELEASING PARTIES and PLAINTIFFS' RELEASING PARTIES are permanently enjoined from (i) filing, commencing, prosecuting, continuing, maintaining, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit or arbitration based on any or all DEFENDANTS' RELEASED CLAIMS or PLAINTIFFS' RELEASED CLAIMS against one or more of PLAINTIFFS' RELEASED PARTIES or DEFENDANTS' RELEASED PARTIES; (ii) instituting, continuing, maintaining, organizing class members in, or joining with class members in, any action or arbitration, including but not limited to a purported class action, in any jurisdiction or forum, against one or more of PLAINTIFFS' RELEASED PARTIES or DEFENDANTS' RELEASED

ORDER GRANTING MOTION OF CLASS
REPRESENTATIVES FOR FINAL APPROVAL OF CLASS
SETTLEMENT AND ATTORNEYS FEES - 12
Case No. C07-0737 RSM

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

PARTIES, based on, involving, or incorporating, directly or indirectly, any or all DEFENDANTS' RELEASED CLAIMS or PLAINTIFFS' RELEASED CLAIMS; and (iii) filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit or arbitration based on an allegation that an action taken by PLAINTIFFS' RELEASED PARTIES or DEFENDANTS' RELEASED PARTIES, which is in compliance with the provisions of the SETTLEMENT AGREEMENT, violates any legal right of PLAINTIFFS' RELEASING PARTIES or any CLASS MEMBER.

16. There is no just reason for delay and the Final Approval Motion shall be final, and judgment shall be entered.

17. The Court has and shall retain exclusive jurisdiction over: (i) the SETTLEMENT AGREEMENT, including its administration, consummation, claim procedures, enforcement, and any other issues or questions that may arise; (ii) the Parties and disputes for purposes of the SETTLEMENT AGREEMENT; and (iii) any applications for attorneys' fees, expenses, and costs related to the SETTLEMENT AGREEMENT; (iv) all proceedings related to the SETTLEMENT AGREEMENT, both before and after this Order becomes final and is no longer subject to appeal, and over enforcement of this Order.

IT IS SO ORDERED.

DATED July 14, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION OF CLASS
REPRESENTATIVES FOR FINAL APPROVAL OF CLASS
SETTLEMENT AND ATTORNEYS FEES - 13
Case No. C07-0737 RSM

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Presented by:

_____

Jeffrey M. Thomas, WSBA No. 21175
GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Telecopier: (206) 467-6292
Email: jthomas@gordontilden.com

D. Jeffrey Ireland, OSBA No. 0010443,
*admitted pro hac vice*
Jeffrey S. Sharkey, OSBA No. 0067892,
*admitted pro hac vice*
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3710
Telecopier: (937) 227-3717
Email: djireland@ficlaw.com
Email: jsharkey@ficlaw.com

323909.1

ORDER GRANTING MOTION OF CLASS REPRESENTATIVES FOR FINAL APPROVAL OF CLASS SETTLEMENT AND ATTORNEYS FEES - 14
Case No. C07-0737 RSM

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292